UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ) ) ) ) ) ) ) | ML No: 1:21-ML-00591 |

*Reference:*      *DOJ Ref. # CRM-182-77482*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Rachel G. Hertz, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Germany.  In support of this application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Germany, the Federal Office of Justice, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty Between the United States of America and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., Oct. 14, 2003, S. TREATY DOC. NO. 108-27 (2004), as supplemented by the Supplementary Treaty to the Treaty Between the United States of America

and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., April 18, 2006, S. TREATY DOC. NO. 109-13 (2006) (the Treaty).

2. As stated in the Request, the Aschaffenburg Public Prosecutor's Office, in Germany, is investigating Unknown Subjects for fraud, which occurred from approximately April 2019 through May 2019, in violation of the criminal law of Germany, specifically, Section 263 of the German Criminal Code. Under the Treaty, the United States is obligated to assist in response to the Request.

3. According to German authorities, in April 2019, the victim company, an electronic product manufacturer (Company 1), sought a supplier for a certain component for their products. Company 1 identified Sere Components, USA, (Sere Components) as a potential supplier, and negotiated to buy 32,000 units of the component for USD 57,600. Both companies agreed to advanced payment, so Company 1 transferred USD 57,600 to U.S. Bank account number XXXXXXXX9754, located in the United States. After the transfer, all communications from Sere Components ceased and delivery was never made. Company 1 then discovered warnings on the Internet against conducting business with Sere Components, due to reports of similar fraudulent sales of electronic components. German authorities believe Sere Components intended to defraud Company 1 from the start of the transaction. Company 1 has not recovered the USD 57,600.

4. To further the investigation, German authorities have asked U.S. authorities to provide bank records from U.S. Bank account number XXXXXXXX9754, and information about account holder Sere Components.

LEGAL BACKGROUND

5.	A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.	The United States and Germany entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See Treaty pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 19(3) ("the courts . . . shall have . . . authority to issue such orders . . . as are necessary to execute the request.").

7.	When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

\*          \*          \*

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

\*          \*          \*

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

9.      An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  *See* 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

11.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the German Federal Office of Justice, the designated Central Authority in Germany and seeks assistance in the investigation of fraud – a criminal offense in Germany. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

12.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

13.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true

even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person or entity other than the recipient(s) of any given commissioner subpoena.

14. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Rachel G. Hertz, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

          Respectfully submitted,

          VAUGHN A. ARY
          DIRECTOR
          OFFICE OF INTERNATIONAL AFFAIRS
          OK Bar Number 12199

By:   /s/ Rachel Hertz
      Rachel G. Hertz
      Trial Attorney
      DC Bar Number 1531273
      Office of International Affairs
      Criminal Division, Department of Justice
      1301 New York Avenue, N.W.
      Washington, D.C. 20530
      (202) 616-2871
      Rachel.Hertz@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR *[Insert Nature of Case/Investigation]* | ) ) ) ) ) ) ) |

Reference:    *[Insert DOJ#]*
**(Please repeat when responding.)**

## COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to Germany, command that you provide the following documents regarding (an) alleged violation(s) of the laws of Germany; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the German Criminal Code:

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or its contents is to be given to any person for two years unless otherwise authorized to do so by the Court, except that _____ may notify *[its/his/her/their]* attorney for the purpose of

obtaining legal advice.

For failure to provide records, or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

                                                 _____
COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*